FILED
2026 Sep-15 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

**DOLORES MENDOZA CERDA,**
Petitioner,

**v.**

**JORDAN POWELL,**
*et al.*,
Respondents.

**Case No. 7:26-cv-1630-CLM-GMB**

## MEMORANDUM OPINION

Petitioner Dolores Mendoza Cerda seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). For the reasons stated within, the court **GRANTS IN PART** Mendoza Cerda's petition and **DISMISSES** Respondents Jordan Powell, David Venturella, Markwayne Mullin, and Todd Blanche. On or before **September 18, 2026**, Respondents Daniel Finn, Jr. and Brian Acuna must either (a) bring Mendoza Cerda before an immigration judge for an individualized bond hearing, or (b) release Mendoza Cerda from custody.

## BACKGROUND

Mendoza Cerda is a 62-year-old native and citizen of Mexico. (Doc. 1 ¶ 27). In 2015, Mendoza Cerda entered the United States with a visa. (*Id.*). On September 9, 2026, ICE stopped Mendoza Cerda at the Birmingham Shuttlesworth Airport and served Mendoza Cerda with an administrative arrest warrant, asserting that she had overstayed her visa. (Doc. 7-1, pp. 2, 7). Mendoza Cerda was also ordered to appear before an immigration judge on or before September 21, 2026, at 8:30 am to show why she should not be removed from the United States. (Doc. 7-1, p. 7).

That same day, ICE officers transported Mendoza Cerda to the Pickens County Detention Center in Carrollton, Alabama. (Doc. 1, ¶ 29). The next day, Mendoza Cerda filed this habeas petition, raising three claims. Count 1 asserts that her detention without a bond hearing violates the Immigration and

Nationality Act, 8 U.S.C. §§ 1225(b)(1)(A), 1226(a). (*Id.*, ¶¶ 31–43). Counts 2 and 3 allege that Mendoza Cerda's detention without bond violates her Fifth Amendment Substantive and Procedural Due Process Clause rights. (*Id.*, ¶¶ 44–56). After Mendoza Cerda filed this habeas petition, she was transferred to the South Louisiana ICE Processing Center.

## JURISDICTION

At the time Mendoza Cerda filed her habeas petition, she was being detained at the Pickens County Detention Center, which is within this judicial district. Thus, this court has jurisdiction over Mendoza Cerda's petition even though Mendoza Cerda has since been moved to Louisiana. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004), *discussing Ex parte Endo*, 323 U.S. 283, 304–05 (1944). But because Mendoza Cerda is no longer housed at the Pickens County Detention Center, Jordan Powell, the Pickens County warden, is no longer the proper respondent. Nor are David Venturella, the Acting ICE Director, Markwayne Mullin, the Secretary of Homeland Security, or Todd Blanche, the Attorney General, proper respondents because they are "remote supervisory officials" and not Mendoza Cerda's "immediate custodian." *See id.* at 435–36. The court will thus **DISMISS** Powell, Venturella, Mullin, and Blanche as respondents.

The court, however, finds that Daniel Finn, Jr., the New Orleans Field Office's Acting Supervisory Detention and Deportation Officer for ICE ERO, and Brian Acuna, the Acting Director of ICE's New Orleans Field Office, are proper respondents. The New Orleans Field Office directly oversees ICE's South Louisiana Processing Center, so Finn and Acuna are appropriate respondents who the court can order to produce Mendoza Cerda.

## DISCUSSION

Turning to the merits of Mendoza Cerda's petition, Respondents concede that Mendoza Cerda is being detained under 8 U.S.C. § 1226(a), which provides discretion as to whether an alien may be detained or released on bond. *See* 8 U.S.C. § 1226(a)(1) and (2) (The Government "may continue to detain the arrested alien" or "may release the alien" on bond.). Thus, Mendoza Cerda may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

("[A]liens detained under § 1226(a) receive bond hearings at the outset of detention.").

The court will therefore **GRANT** Count 1 of Mendoza Cerda's petition and **ORDER** that Mendoza Cerda be afforded a bond hearing. But the court **DENIES** Mendoza Cerda's request that she be immediately released from custody because that Mendoza Cerda's detention falls under § 1226(a) does not entitle her to immediate release. *See E.A.L.A v. Powell*, 2026 WL 1494518, at *2 (N.D. Ala. May 28, 2026).

The court will **REFER** to the magistrate judge for further consideration the merits of Counts 2–3 of Mendoza Cerda's petition.

## CONCLUSION

For these reasons, the court **GRANTS IN PART** Mendoza Cerda's petition (doc. 1) and **DISMISSES** Respondents Jordan Powell, David Venturella, Markwayne Mullin, and Todd Blanche.

1. The court **ORDERS** Finn and Acuna to either (a) bring Mendoza Cerda before an immigration judge for a bond hearing on or before **September 18, 2026**, or (b) release Mendoza Cerda from custody. The court recognizes that this turnaround is quicker than the 7 days Mendoza Cerda requested in her petition. But because Mendoza Cerda's removal proceedings are set for September 21, 2026, and she was entitled to a bond hearing at the outset of her detention, the court finds that September 18, 2026, is the appropriate date for Mendoza Cerda's bond hearing to be held.

2. If a bond hearing is conducted, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Mendoza Cerda and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

3. Mendoza Cerda's counsel must receive at least 24 hours' notice of the hearing but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

4. If either (a) Mendoza Cerda is not given a bond hearing on or before September 18, 2026, or (b) an immigration judge denies bond for reasons that conflict with current Eleventh Circuit precedent (*i.e.*, *Hernandez Alvarez*), then this court **ORDERS** that Finn and Acuna release Mendoza Cerda with reasonable conditions of supervision.

5. The court previously ordered Respondents to include with their written response any records within their possession that reflect the statutory basis for Mendoza Cerda's detention. The court finds that Respondents have complied with this requirement by attaching to their response: (1) an affidavit from ICE Assistant Field Office Director Francisco J. Ayala; (2) Mendoza Cerda's Form I-200 administrative arrest warrant; and (3) Mendoza Cerda's Notice to Appear. (Doc. 7-1). Thus, the court will not order Respondents to produce any other documents before the September 18, 2026, bond hearing. Should Mendoza Cerda seek any other documentation that may be in Respondents' possession, she should make that request to the immigration judge before seeking an order from this court compelling production of those documents.

The court **DIRECTS** Finn and Acuna to file a notice on or before **September 23, 2026**, reporting on the results of the individualized bond hearing or telling the court that Mendoza Cerda has been released from custody.

The court will enter a separate order that carries out this ruling.

**DONE** and **ORDERED** on September 15, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE